UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>             Plaintiff,<br><br>    v.<br><br>B. EBERT, *et al.*,<br><br>             Defendants. | Case No.  2:24-cv-01676-DJC-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE COMPLAINT STATES A COGNIZABLE FIRST AMENDMENT CLAIM AGAINST DEFENDANT EBERT BUT FAILS TO STATE ANY OTHER VIABLE CLAIM<br><br>DIRECTING PLAINTIFF TO DECIDE WHETHER TO PURSUE THE LONE VIABLE CLAIM OR FILE AN AMENDED COMPLAINT<br><br>ECF No. 1 |

   Plaintiff, a state prisoner, brings this action against several defendants and alleges that defendant Ebert retaliated against him for a lawsuit against her by frustrating his access to the courts. ECF No. 1 at 4.  He also alleges that defendants Ngaya and Inconelli mishandled his grievances concerning Ebert's misconduct.  *Id.* at 6.  I find that, for screening purposes, the complaint states a cognizable First Amendment retaliation claim against Ebert.  The other claims

1

are, for the reasons stated below, non-cognizable.  Plaintiff must decide whether to proceed with his viable claim or delay serving any defendant and file an amended complaint.  I will grant his application to proceed *in forma pauperis*.  ECF No. 2.

**Screening Order**

### I.     Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, after filing a lawsuit that named her as a defendant, Ebert, a litigation coordinator at the California Medical Facility, retaliated against him by making his ongoing criminal litigation more difficult to conduct. ECF No. 1 at 4. The specifics are hard to discern, but plaintiff appears to allege that Ebert restricted his ability to make telephone calls and otherwise failed to assist him in that litigation. *Id.* These allegations are sufficient to state a First Amendment retaliation claim, but not a First Amendment access to courts claim. As to the latter, plaintiff must allege that he has suffered some "actual injury" in the litigation at issue, and he has not so alleged.[1] *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

In a separate but related claim, plaintiff claims that, after he submitted administrative grievances concerning Ebert's misconduct, defendants Ngaya and Inconelli mishandled those grievances. ECF No. 1 at 6. Inmates lack a constitutional right to any specific grievance procedure, however, and these claims are not actionable as articulated. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Accordingly, plaintiff must decide whether to proceed only with his First Amendment retaliation claim against Ebert, or delay serving any defendant and file an amended complaint. If he chooses the latter, he is advised that the amended complaint must be complete in and of itself, without reference to this complaint, and should be titled "Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days of this order's entry, plaintiff shall either inform the court in writing of his intention to proceed with the claim deemed cognizable in this complaint, or he shall file an amended complaint.

2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this order.

---

[1] In a series of confusing allegations, plaintiff does allege that Ebert influenced a misdemeanor charge that was brought against his wife. ECF No. 1 at 5. This alleged influence ultimately affected plaintiff's ability to have his wife visit him in prison. *Id.* These allegations do not show that Ebert's hindrance of plaintiff's litigation was the cause of this injury, however, and, at this point, appears merely to add context to the actionable retaliation claim.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   August 17, 2024  

                          JEREMY D. PETERSON
                          UNITED STATES MAGISTRATE JUDGE