1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BENJAMIN ROBERT GALLEGOS,              Case No.  2:24-cv-1676-DJC-JDP (P)

12                 Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   B. EBERT,

15                 Defendant.

16

17

18        Plaintiff, a state prisoner proceeding pro se, alleges that defendant Ebert retaliated against

19   him in violation of the First Amendment.  Pending before the court is defendant's motion to

20   dismiss.  ECF No. 27.  Plaintiff filed an opposition, ECF No. 29, defendant filed a reply, ECF No.

21   31, and plaintiff filed a sur-reply, ECF No. 32, which the court has considered.  I recommend that

22   defendant's motion to dismiss be denied.

23                                 **Allegations**

24        Plaintiff brings a single First Amendment retaliation claim against defendant Ebert, the

25   Litigation Coordinator for California Medical Facility ("CMF").  ECF No. 1.  Plaintiff was

26   housed at CMF in February 2024 and alleges that during that time, he was litigating, pro se, the

27   guilt phase of his criminal case.  *Id.* at 4.  The criminal court ordered that he be provided two

28

                                        1

phone calls a week for litigation purposes. *Id.* However, when plaintiff requested his phone calls, non-party sergeant Jones denied the request, stating that Ebert ordered him to not give plaintiff those calls. *Id.* Plaintiff alleges that Ebert did so in retaliation for the lawsuit against her in 2022, *Gallegos v. CDCR*, 2:22-cv-1790-DAD-EFB. *Id.*

**Request for Judicial Notice**

Defendant asks that the court take judicial notice of sixteen exhibits, totaling approximately 165 pages:

A. Criminal Case Information for People of the State of California (People) v. Benjamin R. Gallegos (Gallegos), Case No. CR-2020-8430, Superior Court of California, County of San Joaquin;

B. Hearing Summary for People v. Gallegos, Case No. CR-2020-8430, Superior Court of California, County of San Joaquin, from September 17, 2020, through February 16, 2023;

C. Hearing Summary for People of Gallegos, Case No. CR-2020-8430, Superior Court of California, County of San Joaquin, from February 24, 2023, through April 15, 2024;

D. Notice of Motion and Motion for Reconsideration Or In The Alternative For Modification Of Court Order For Weekly Phone Calls; Memorandum of Points and Authorities, re: People v. Gallegos, CR-2020-8430, Superior Court of California, County of San Joaquin, filed March 28, 2024;

E. Certified Minute Order re: People v. Gallegos, CR-2020-8430, Superior Court of California, County of San Joaquin, filed April 15, 2024;

F. Certified Transcript re: proceedings on April 15, 2024, in People v. Gallegos, CR-2020- 8430, Superior Court of California, County of San Joaquin;

G. PACER docket sheet for Gallegos v. CDCR, et al., 2:22-cv-01790-DAD-EFB for the Eastern District of California;

H. Amended Complaint in Gallegos v. CDCR, et al., 2:22-cv-01790-DAD-EFB for the Eastern District of California, filed February 3, 2023;

I. Screening Order signed March 10, 2023, re: Gallegos v. CDCR, et al., 2:22-cv-01790- DAD-EFB for the Eastern District of California;

J. Order and Findings and Recommendations filed August 26, 2024 re: Gallegos v. CDCR, et al., 2:22-cv-01790-DAD-EFB for the Eastern District of California;

2

1    K. Order Adopting Findings and Recommendations filed
     September 16, 2024, re: Gallegos v. CDCR, et al., 2:22-cv-01790-
2    DAD-EFB for the Eastern District of California;

3    L. Cal. Code Regs., tit. 15, §§ 3122-3123 [law library];

4    M. Cal. Code Regs., tit. 15, §§ 3141-3145 [confidential mail];

5    N. Cal. Code Regs., tit. 15, §§ 3160-3165 [access to courts];

6    O. Cal. Code Regs., tit. 15 § 3178 [attorney visits];

7    P. Cal. Code Regs., tit. 15 § 3282, subd., (b) and 3044 [telephone
     access].
8

9    ECF No. 27-2 at 1-4. Defendant argues that the court should take judicial notice of "Exhibits A-

10   L" because "these records relate directly to the matters at issues" and "because they demonstrate

11   that Plaintiff's allegations are not cognizable as a First Amendment retaliation claim." She also

12   argues that the documents are official records from the State of California, the Eastern District,

13   and CDCR, and are therefore subject to judicial notice. *Id.* at 2. Defendant's request is denied.

14        Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact

15   that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

16   territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

17   accuracy cannot reasonably be questioned."

18        At the outset, the court is concerned that defendant may be in effect converting her motion

19   into a Rule 56 motion. Courts generally cannot rely on evidence outside the pleadings when

20   ruling on a Rule 12(b)(6) motion. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)

21   (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)).

22   Courts can, however, consider certain materials, including matters of judicial notice, without

23   converting the motion to dismiss into a motion for summary judgment. *Id.* at 908 (citing *Van*

24   *Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.

25   1994)). But when a "court takes judicial notice of another court's opinion, it may do so 'not for

26   the truth of the facts recited therein, but for the existence of the opinion, which is not subject to

27   reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.

28

1    2001) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181

2    F.3d 410, 426-27 (3rd Cir. 1999)).

3         Exhibits A-F

4         Exhibits A-F are documents filed in plaintiff's state criminal case, *People v. Gallegos*,

5    Case No. CR-2020-8430.  Defendant argues that the court should take judicial notice of these

6    documents because they are official records from the State of California and because they are

7    directly related to proving that plaintiff has not alleged a First Amendment claim.

8         Defendant has failed to address how each of these documents demonstrates that plaintiff's

9    claim fails.  The validity of the court order, the State's motion to for the criminal court to

10   reconsider its order, the contents of plaintiff's sentencing hearing, and the number of plaintiff's

11   remaining criminal appearances all ask this court to consider the truth of the facts contained in

12   each document.  *See Perez v. Kroger Co.*, 336 F. Supp. 3d 1137, 1141 (C.D. Cal. 2018), *appeal*

13   *dismissed*, No. 18-56458, 2020 WL 2029351 (9th Cir. Mar. 27, 2020) (taking judicial notice of a

14   decision in another case "but not the facts contained therein"); *Marsh v. San Diego Cty.*, 432 F.

15   Supp. 2d 1035, 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the

16   existence of matters of public record, such as a prior order or decision, but not the truth of the

17   facts cited therein").

18        Exhibits G-K

19        Defendant asks the court to take judicial notice of plaintiff's complaint in *Gallegos v.*

20   *CDCR*, 2:22-cv-1790-DAD-EFB, the court's screening order, the court's order recommending

21   dismissal, and the court's order dismissing plaintiff's prior lawsuit against Ebert.  In the motion to

22   dismiss, defendant argues that because her motion to dismiss in the previous case was pending at

23   the time plaintiff filed this action, she had "no objective reason [] to be worried or to retaliate as

24   her interests were fully represented by the AG's Office."  ECF No. 27-1 at 13-14.  Defendant here

25   asks the court to make a factual inference that undermines plaintiff's allegation, which is not

26   proper on a 12(b)(6) motion.

27

28

4

1    Exhibits L-P

2         Lastly, defendant asks the court to take judicial notice of various California regulations.

3    ECF No. 27-2 at 122-71.  Rule 201 authorizes judicial notice only of facts, not statements of law,

4    so this request falls outside the scope of what Rule 201 affords.  *Anselmo v. Cnty. of Shasta, Cal.*,

5    873 F. Supp. 2d 1247, 1254 n.4 (E.D. Cal. 2012).  Judicial notice of regulations and laws is

6    typically unnecessary.

7                                    **Legal Standard**

8         A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon

9    which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure

10   to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on

11   its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial

12   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13   inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

14   662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a

15   "probability requirement," but it requires more than a sheer possibility that a defendant has acted

16   unlawfully.  *Iqbal*, 556 U.S. at 678.

17        For purposes of dismissal under Rule 12(b)(6), the court generally considers only

18   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

19   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

20   most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

21   F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Dismissal

22   under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or

23   (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.

24   Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.

25   *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

26                                    **Discussion**

27        Defendant argues that plaintiff fails to state a First Amendment retaliation claim because

28   (1) he does not allege that he suffered more than de minimis harm due to her actions, (2) he

                                          5

1  cannot show that defendant denied him access to his court-ordered phone calls because of his

2  lawsuit against defendant, (3) defendant's alleged action would not objectively chill or silence

3  plaintiff's protected conduct, and (4) the initial denial of plaintiff's request reasonably advances

4  the legitimate correctional goal of allowing CDCR processes to review the court order before it is

5  routed for approval by the institutional head.  ECF No. 27-1 at 10-15.

6       For an inmate to state a First Amendment retaliation claim, he must allege that "(1) . . . a

7  state actor took some adverse action against him (2) because of (3) his protected conduct, and that

8  such action (4) chilled the . . . exercise of his First Amendment rights, and (5) the action did not

9  reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68

10 (9th Cir. 2005).

11      Defendant argues that her action of denying plaintiff his court-ordered phone calls during

12 his criminal case amounts to no more than de minimis harm because plaintiff does not allege a

13 specific harm that resulted from his inability to make phone calls.[1]  ECF No. 27-1 at 12.  Denying

14 a criminal defendant court-ordered phone calls during his criminal case where he is self-

15 representing is more than a minor harm.  Plaintiff alleges in the complaint that he was unable to

16 communicate with witnesses or about his defense.  ECF No. 1 at 4.  And while defendant

17 contends that plaintiff's inability to communicate with witnesses during his criminal proceedings

18 it not an "adverse consequence," this court disagrees.

19      Defendant next argues that plaintiff cannot show that she denied him his court-ordered

20 phone calls *because* he filed a lawsuit against her.  ECF No. 27-1 at 12-13.  A plaintiff must

21 allege a causal connection between the adverse action and the protected conduct.  Because direct

22 evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of

23

24       [1] Defendant relies on the documents in her request for judicial notice to argue that plaintiff

25 suffered no more than de minimis harm.  She states that by the time plaintiff was at CMF, he had
two remaining criminal events, one of which was his sentencing hearing on April 15, 2024.  ECF

26 No. 27-1 at 12.  Defendant argues that because plaintiff did not raise the issue of being denied his
phone calls at the sentencing hearing, he did not suffer harm greater than de minimis.  Even if the

27 court considered that argument, it would fail.  Defendant offers no support showing that a
plaintiff must actively complain to a court that his rights are being violated for the harm to be

28 more than de minimis.

events from which retaliation can be inferred is sufficient to survive dismissal.  *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).  But here, plaintiff alleges direct retaliatory intent: Plaintiff alleges that (1) he was actively litigating a case against defendant, and (2) that defendant "admitted that there [was] a conflict due to [plaintiff] having pending litigation against [her] (her words) and that she should not be overseeing my complaint."  ECF No. 1 at 4.  Further, defendant's defiance of a court order suggests retaliatory motive.

Next, defendant argues that a reasonable person in plaintiff's position would not be objectively chilled or silenced from engaging in productive conduct.  ECF No. 27-1 at 14.  Defendant argues that at most plaintiff alleges a single instance of being denied court-ordered phone calls which would not inhibit a person of "ordinary firmness" of exercising their First Amendment rights—because plaintiff was only at CMF for less than month, and he was near the end of his criminal case.  *Id.* at 15.  Defendant fails to convince the court that defendant's action of defying a court order would not chill a person of ordinary firmness from utilizing their First Amendment rights.

Finally, defendant argues that plaintiff failed to allege that her action did not reasonably advance a legitimate correctional goal because the denial of plaintiff's court-ordered phone calls allowed CDCR to review the court order before sending it to the institutional head for approval.  *Id.*  Defendant's argument seems to suggest that CDCR has the authority to "approve" a court order.  The court sees no legitimate correctional goal in defying a court order.

**Conclusion**

Accordingly, it is RECOMMENDED that defendant's motion to dismiss, ECF No. 27, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE