UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, | Case No. 2:24-cv-1676-DJC-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B. EBERT, | |
| Defendant. | |

Plaintiff has filed a motion for injunctive relief, ECF No. 39, that defendant has opposed, ECF No. 40. Plaintiff has also filed a motion for summary judgment. ECF No. 41. Both motions should be denied.

Motion for Injunctive Relief

In his motion for injunctive relief, plaintiff requests a court order directing the law library to waive all fees for legal supplies and copies. ECF No. 39 at 1-2. This motion should be denied. First, plaintiff has not, as he must, addressed the factors set forth in *Winter v. NRDC*, namely that: "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Second, the relief sought is not related to the claim at issue. Plaintiff alleges that defendant Ebert violated his First Amendment

1

rights by retaliating against him for protected conduct by denying him phone calls during his criminal litigation. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). Finally, in her opposition, defendant states that there are programs at the prison that plaintiff may avail, and has availed himself of to obtain the necessary legal supplies. ECF No. 40 at 3-4.

## Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment, ECF No. 41, that should be denied without prejudice to renewal. Discovery in this case is not scheduled to close until July 7, 2026. ECF No. 38. Indeed, this case was only scheduled on February 27, 2026. *Id.* In general, "summary judgment is disfavored where relevant evidence remains to be discovered." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). Plaintiff has not made a persuasive argument for summary judgment being taken up this early, and he may renew his motion for summary judgment after discovery has closed.

Accordingly, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 39, and motion for summary judgment, ECF No. 41, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     April 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE